CAROLINA BATCHELDOR, TOM SMITH, JAMES B. SMITH, JOHN B. SMITH, ALLEN SMITH, MARION C. SMITH, AND HARRIET SMITH ANISOWICZ, Plaintiffs v. WILLIAM RICHARD BOYD, SR., T. MICHAEL JORDAN, SUCCESSOR ADMINISTRATOR OF THE ESTATE OF J.R. BOYD, JR., BARBARA BURGIN, TOMMY G. BOYD, JR., HENRY CLAYTON, AND ROBERT M. CHAFIN, Defendants

No. 9430SC113

(Filed 6 June 1995)

1. **Evidence and Witnesses § 2211 (NCI4th); Illegitimate Children § 47 (NCI4th)— presumption of paternity by husband—rebuttal by DNA evidence—legitimation by marriage**

DNA test results showing a greater than 99.99% probability that defendant's putative father was his actual father were sufficient to rebut the presumption that he was the child of the man married to his mother at the time of his birth and thus showed that he was a "child born out of wedlock," and defendant was legitimized by the subsequent marriage of his mother and putative father and is entitled to be considered as the child of his putative father for intestate succession purposes.

**Am Jur 2d, Bastards §§ 49, 50; Expert and Opinion Evidence §§ 278-282, 300, 310, 316.**

**Legitimation by marriage to natural father of child born during mother's marriage to another. 80 ALR3d 219.**

**Admissibility and weight of blood-grouping tests in disputed paternity cases. 43 ALR4th 579.**

**Admissibility of DNA identification evidence. 84 ALR4th 313.**

2. **Costs § 28 (NCI4th)— determination of heir—allowance of costs and attorney fees against estate**

In a declaratory judgment action to determine whether defendant is the legitimized son and sole heir of an intestate decedent, the trial court did not err by allowing defendant to recover

costs and attorney fees from the estate pursuant to N.C.G.S. § 6-19 where defendant's claim had substantial merit and was successful. Furthermore, the trial court did not err by allowing plaintiffs and the aligned defendants to recover costs and attorney fees from the estate even though they were not successful on the merits where their claim had substantial merit.

**Am Jur 2d, Costs §§ 72-86.**

Appeal by plaintiffs and the aligned defendants from a declaratory judgment entered on 23 July 1993 by Judge Julia V. Jones in Haywood County Superior Court in favor of defendant William Richard Boyd, Sr. A post-judgment hearing was held by Judge Jones and fees were awarded to counsel for plaintiffs and counsel for the aligned defendants from which defendant William Richard Boyd, Sr. appealed. Fees were also awarded to counsel for defendant, from which plaintiffs and aligned defendants appealed. Heard in the Court of Appeals 6 April 1995.

*Westall, Gray & Connolly, P.A., by Jack W. Westall, Jr., for plaintiffs-appellants.*

*Russell L. McLean, III for defendants-appellants.*

*Brown, Ward, Haynes, Griffin & Seago, P.A., by Randal Seago, for defendant-appellee William Richard Boyd, Sr.*

JOHNSON, Judge.

Defendant William Richard Boyd, Sr. was born 16 September 1936 to Mary Kirkpatrick Jones, now deceased. The birth certificate did not identify the father of defendant William Richard Boyd, Sr. a/k/a William Algermon Kirkpatrick.

At the time of the birth of defendant William Richard Boyd, Sr. (hereinafter defendant), Mary Kirkpatrick was married to, but separated from Silas Armistead Jones. Mary Kirkpatrick and Silas Jones were married in August 1935 and lived as husband and wife until November 1935. The pleadings denote that Mary Kirkpatrick and Silas Jones lived continuously separate and apart for two years after the separation. In 1938, Mary Kirkpatrick was granted a divorce from Silas Jones.

On 22 December 1940, the intestate decedent James R. Boyd, Jr. married Mary Kirkpatrick in Texas. At that time, James R. Boyd, Jr.

and defendant were residents of Haywood County, North Carolina. The couple divorced in May 1948 and stated in court documents that there were no children born of the marriage.

Soon after the birth of defendant, intestate decedent claimed him as his son. Defendant William Richard Boyd, Sr. was identified as the son of James R. Boyd, Jr. in a number of documents: the Boyd family bible; the will of James R. Boyd, Sr., which makes a provision for defendant William Richard Boyd, Sr., and refers to him as "the son of my son, James R. Boyd, Jr. and Mary Kirkpatrick Boyd"; Haywood County hospital records from the 1940's; newspaper articles from the "social" section of the local paper and wedding announcements; and applications for probate and letters testamentary of two of decedent's sisters identify defendant as their "nephew." Additionally, defendant obtained DNA comparison parentage testing as to himself and James R. Boyd, Jr. from two labs. Independently, each lab produced test results showing that to a greater than 99.99% probability, James R. Boyd, Jr. was the father of defendant. Defendant also called seven witnesses from the Boyd family and from the community of Waynesville as to the issue of "reputation" of James R. Boyd, Jr. as the father of defendant.

There is evidence which indicates that during the last years of the life of the intestate decedent, defendant lived with the intestate decedent in the Boyd homeplace in Haywood County, North Carolina.

Plaintiffs assign as error the following: that the trial court erred in failing to grant plaintiffs' and aligned defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted; that the trial court erred in admitting DNA evidence from J.R. Boyd, Jr. over objection because: (a) the evidence was irrelevant, and (b) it was prejudicial under Rule 403 of the Rules of Evidence; that the trial court erred in the denial of plaintiffs' and aligned defendants' motion for directed verdict under Rule 50 of the Rules of Civil Procedure at the close of defendant's evidence and at the close of all of the evidence; that the trial court erred in admitting testamentary evidence of the reputation in the community of the relationship of decedent and defendant during the 1940's; that the trial court committed reversible error in submitting the jury charge on the first issue by directing the jury that they may be permitted to find a child born to a married woman is the child of her husband and that the jury could infer that her husband was the father of the child but was not compelled to do so; that the trial court erred in failing to submit the

proposed issues and jury instructions as proffered by plaintiffs and aligned defendants; that the trial court erred in awarding defendant attorney's fees based upon his contract of employment with his client; and finally, that the trial court erred in entering as a declaratory judgment an order that defendant is the legitimized son and sole heir of intestate decedent and entitled to inherit the entire estate.

[1] Notwithstanding plaintiffs' numerous assignments of error, the preeminent issue is whether competent evidence was presented to the court to show that defendant was entitled to inherit under the intestacy statutes.

This Court has stated that "[a]bsent a statute to the contrary, illegitimate children have no right to inherit from their putative fathers." *Helms v. Young-Woodard,* 104 N.C. App. 746, 749, 411 S.E.2d 184, 185 (1991), *disc. review denied,* 331 N.C. 117, *cert. denied,* —— U.S. ——, 121 L.E.2d 53 (1992). Ways in which a child may be legitimized in North Carolina include:

> 1) verified petition filed with the superior court by the putative father, 2) subsequent marriage of the parents, or 3) civil action to establish paternity. N.C.G.S. § 49-10 through 49-14 (1984). Illegitimate children may inherit from their putative fathers if they have been legitimated by one of the above or if paternity has been established in an action for criminal non-support. N.C.G.S. § 29-19(b)(1984).

*Id.* at 749-50.

Defendant William Richard Boyd, Sr. alleges that he was legitimized as the child of James R. Boyd, Jr. by the subsequent marriage of his parents—mother, Mary Kirkpatrick Jones, and the intestate decedent, James R. Boyd, Jr.; and that pursuant to North Carolina General Statutes § 49-12 (1984), he is legally legitimized as the child of James R. Boyd, Jr. and is entitled to be considered as the child of James R. Boyd, Jr. for purposes of intestate succession. We agree.

Our Court has noted that DNA testing results may be used to rebut the presumption that a child born to a married woman is her husband's child. *Batcheldor v. Boyd,* 108 N.C. App. 275, 423 S.E.2d 810 (1992), *disc. review denied,* 333 N.C. 254, 426 S.E.2d 700 (1993). *See also Wright v. Wright,* 281 N.C 159, 188 S.E.2d 317 (1972). Additionally, our Court has noted that testing results may be used to establish that the phrase "born out of wedlock" includes a child whose mother was married to a man not the father of the child.

BATCHELDOR v. BOYD

[119 N.C. App. 204 (1995)]

*Batcheldor*, 108 N.C. App. 275, 423 S.E.2d 810. "[T]he phrase, 'born out of wedlock,' should refer 'to the status of the parents of the child in relation to each other.' 'A child born to a married woman, but begotten by one other than her husband, is a child "born out of wedlock". . . .' " *Id.* at 279, 423 S.E.2d at 813; (*quoting In re Legitimation of Locklear*, 314 N.C. 412, 418, 334 S.E.2d 46, 50 (1985)). Thus, defendant has successfully rebutted the presumption that a child of a married woman is her husband's child and shown that he was a "child born out of wedlock" as required by the statutes. Accordingly, because defendant was legitimized by the subsequent marriage of his mother to his reputed father, he is sole heir to the estate of James R. Boyd, Jr. by the intestacy statutes.

Plaintiffs' arguments that North Carolina General Statutes §§ 49-14 (Cum. Supp. 1994), 49-12 and 29-18 (1984) are applicable to defendant's claim of legitimacy is misplaced. The evidence shows that the statutory requirements in accordance with North Carolina General Statutes § 49-12 for purposes of inheriting from a putative father have been met.

[2] We now turn to whether the trial court erred in awarding attorney's fees to counsel for defendant. The trial court pursuant to North Carolina General Statutes § 6-19 (1986) allowed defendant to recover costs and attorney's fees against the estate, allowed plaintiffs to recover costs including attorney's fees against the estate, and allowed the aligned defendants to recover costs and attorney's fees against the estate.

North Carolina General Statutes § 6-20 (1986) notes that a court in its discretion may tax costs including attorney's fees if they are just and equitable. *Trust Co. v. Dodson*, 260 N.C. 22, 131 S.E.2d 875 (1963). Where questions regarding inheritance arise regarding the estate of the deceased, a court may award attorney's fees if legitimate claims exist. "The statute does not *require* the court to award attorneys' fees in such cases but clearly *authorizes* the court to do so. It is a matter in the discretion of the court, both as to whether to allow fees and the amount of such fees." *In re Ridge*, 302 N.C. 375, 380, 275 S.E.2d 424, 427 (1981).

Because this action is under intestate succession and deals with inheritance rights, North Carolina General Statutes § 6-21(2) (1986) concerning caveators is relevant. North Carolina General Statutes § 6-21(2) provides:

**BATCHELDOR v. BOYD**

[119 N.C. App. 204 (1995)]

Costs in the following matters shall be taxed against either party, or apportioned among the parties, in the discretion of the court:

. . . .

(2) Caveats to wills and any action or proceeding which may require the construction of any will or trust agreement, or fix the rights and duties of parties thereunder; provided, that in any caveat proceeding under this subdivision, the court shall allow attorneys' fees for the attorneys of the caveators only if it finds that the proceeding has substantial merit.

Our Court has held that attorney's fees were properly taxed as costs so long as the claims had substantial merit and success on the merits of the claims was not a requirement. *In re Estate of Tucci*, 104 N.C. App. 142, 408 S.E.2d 859 (1991); *Dyer v. State*, 331 N.C. 374, 416 S.E.2d 1 (1992).

Having reviewed the record, defendant's claim did have substantial merit and was successful. In the instant case, the trial court found that defendant's attorney had spent a substantial amount of time on the case, and provided services of a complex nature; thus, the trial court's award of attorney's fees in this case was proper. *See Barker v. Agee*, 93 N.C. App. 537, 378 S.E.2d 566 (1989), *aff'd in part, rev'd in part*, 326 N.C. 470, 389 S.E.2d 803 (1990).

Plaintiffs' and aligned defendants' claims had substantial merit even though they did not have success on the merits. The trial court may at its discretion award attorney's fees even to unsuccessful caveators. *Id.* And since substantial merit under the statute does not require success on the merits, the trial court did not abuse its discretion in awarding attorney's fees to plaintiffs and aligned defendants.

In light of our holding, we find it unnecessary to address plaintiffs' and aligned defendants' remaining assignments of error. For the reasons discussed herein, we find no error.

No error.

Judges COZORT and McGEE concur.