IN THE MATTER OF THE ESTATES OF GEORGE SHELLY BARROW, JR. AND SASHA BARROW

No. COA95-1027

(Filed 18 June 1996)

1. **Judgments § 20 (NCI4th)— notation in minutes—valid entry of judgment**

   The clerk's notation in the minutes at the direction of the district judge three days before the deaths of the children in question complied with N.C.G.S. § 1A-1, Rule 58 and thus constituted a valid entry of judgment; therefore, the trial court erred in ruling that the district court's written order establishing paternity *nunc pro tunc* which was signed 22 days after the deaths was a nullity.

   **Am Jur 2d, Judgments § 132.**

   **What constitutes "entry of judgment" within meaning of Rule 58 of Federal Rules of Civil Procedure, as amended in 1963. 10 ALR Fed. 709.**

2. **Appeal and Error § 355 (NCI4th)— sufficiency of evidence to support findings—transcript not provided—question not before Court of Appeals**

   Where a transcript of the proceedings was not provided to the Court of Appeals, the Court was precluded from addressing appellant's argument that the evidence was insufficient to support the trial court's findings and conclusions that a natural father had abandoned his children and was therefore barred from inheriting from their estate.

   **Am Jur 2d, Appellate Review § 492.**

Appeal by petitioner from order entered 14 July 1995 by Judge William C. Griffin, Jr., in Beaufort County Superior Court. Heard in the Court of Appeals 16 May 1996.

*Seth H. Edwards, P.A., by Seth H. Edwards and Edward P. Hausle, P.A., by Edward P. Hausle, for petitioner-appellant.*

*John H. Harmon, for respondent-appellee.*

WYNN, Judge.

In early 1994, the Beaufort County Department of Social Services ("DSS") commenced an action to establish the paternity of two minor siblings, Sasha Barrow and George Barrow, Jr. DSS named Alfonza Moore as a defendant because during the time of conception for both children, he had engaged in illicit sexual relations with the children's mother, Caroline Barrow, who was married to and living with the other named defendant, George Barrow, Sr., during the time of conception.

Following a hearing, Judge Samuel G. Grimes of the Beaufort County District Court found as a fact that Moore admitted to being the father of the minor children, that blood tests showed that Moore was more than 99% likely to be the father of the minor children, and that blood tests excluded Barrow as the father of the children. Based on these findings, Judge Grimes found that Moore was the father of the minor children, announced his decision in open court on 17 June 1994, and directed the courtroom clerk to make a record of his decision in the minutes. The clerk did so. On 12 July 1994, Judge Grimes signed a written order establishing paternity *nunc pro tunc.* No appeal was taken from either order.

Tragically, both children, along with their mother, were killed in an automobile accident on 20 June 1994. Barrow qualified as the administrator of the estates of both children. (The wrongful death actions on behalf of the children were settled for $90,000). On 22 September 1994, Moore moved to replace Barrow as administrator of the estates of both children. The Clerk of Superior Court, relying upon the judicial declaration that Moore had fathered the children, granted Moore's motion by removing Barrow as administrator of the estates of the minor children, disqualifying Barrow from taking any share of the estates of the children, finding that Moore had

not abandoned the children, and appointing Moore as the estates' administrator.

Barrow appealed the Clerk's decision to the Superior Court of Beaufort County. In an order dated 14 July 1995, Judge William C. Griffin, Jr., found that the district court's order was a nullity because it was entered following the death of the children. Judge Griffin vacated the clerk's order, ordered the clerk to remove Moore as the administrator of the estates of the children, and ordered the clerk to exercise his discretion to appoint an administrator of the estates of the two children. Alternatively, Judge Griffin found that Moore had abandoned his children for inheritance purposes. From this order, Moore appeals.

On appeal, the issues are whether the Superior Court erred by (I) Setting aside the district court's 12 July 1994 order of paternity as a nullity, and (II) Concluding in the alternative that Moore had abandoned his children. We find the district court's order of 17 June 1994 in open court to be controlling and thus reverse on the first issue. However, we affirm the trial court's finding of abandonment.

I

[1] Appellant first contends that the trial court erred by ruling that the district court's order of 12 July 1994 was void. The Superior Court found that order to be "a nullity" because it was entered following the death of the children. Apparently, the trial judge analogized the entering of a paternity order following the death of the children with the entering of a paternity order following the death of a putative father, a prohibited act. *See Helms v. Young-Woodard*, 104 N.C. App. 746, 411 S.E.2d 184 (1991), *disc. review denied*, 331 N.C. 117, 414 S.E.2d 756, *cert. denied*, 506 U.S. 829, 121 L.Ed.2d 53 (1992) (holding that legitimation action must be reduced to judgment prior to death of putative father in order to legitimate child to inherit under intestate succession).

Although the continuing validity of *Helms* is yet to be examined, either legislatively or judicially, in light of continuing scientific developments in DNA analysis, we do not reach the issue of whether a proceeding to establish paternity may be maintained after the death of the children. Instead, we find that entry of judgment on paternity occurred on 17 June 1994, three days before the death of the children. On that date, the district court rendered judgment in open court,

directed the clerk to note the judgment in the minutes, and the clerk accordingly made the following notation:

> Complaint to est. paternity
> Child Support
> Cont'd from 5/94 so Mr. Barrow Could Consult
> w/ attorney.

> Order of
> Paternity
> established
>     Mr. Moore

At the time judgment was rendered and entered in this case, N.C.R. Civ. P. 58 (1996), which governs the date of entry of judgment, read as follows:

> Subject to the provisions of Rule 54(b): Upon a jury verdict that a party shall recover only a sum certain or costs or that all relief shall be denied or upon a decision by the judge in open court to like effect, the clerk, in the absence of any contrary direction by the judge, shall make a notation in his minutes of such verdict or decision and such notation shall constitute the entry of judgment for the purposes of these rules. The clerk shall forthwith prepare, sign, and file the judgment without awaiting any direction from the judge.

> In other cases where judgment is rendered in open court, the clerk shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry of judgment for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing . . . .

This case comes under the second paragraph of Rule 58. As a result, if the clerk made a sufficient notation in the minutes, entry of judgment is deemed to have been made on the date which the judge announced his decision. We find that the clerk's notation in the minutes at the direction of the trial judge complied with Rule 58, and thus constituted a valid entry of judgment. *See Reed v. Abrahamson*, 331 N.C. 249, 415 S.E.2d 549 (1992).

As a result, we must reverse the portion of the trial court's order which purported to reverse Judge Grimes' order establishing paternity in favor of Moore.

## II

**[2]** Appellant next contends that the trial court erred in its finding of fact that he abandoned his children. We find that this question is not properly before this Court.

In his order, Judge Griffin found as fact the following:

12. Alfonza Moore had not provided any support for George Shelly Barrow, Jr. and Sasha Barrow prior to their deaths.

13. Alfonza Moore had not acknowledged paternity of George Shelly Barrow, Jr. or Sasha Barrow prior to the District Court action [which established paternity].

Based on these findings of fact, Judge Griffin made the following conclusions of law:

6. [A]s a matter of law Alfonza Moore had wilfully abandoned these children.

7. Pursuant to G.S. 31A-2, Alfonza Moore . . . had lost the right to intestate succession and the right to administer the Estates of the two children.

Moore contends that there was no evidence to support finding of fact number 12, that he had abandoned the children. We note that Moore failed to provide this Court with a verbatim transcript of the proceedings pursuant to Rule 9(c) of the North Carolina Rules of Appellate Procedure.

This Court's review is limited to the record on appeal together with a transcript, if submitted. In *Drouillard v. Keister Williams Newspaper Services*, 108 N.C. App. 169, 423 S.E.2d 324 (1992), *disc. review denied*, 333 N.C. 344, 427 S.E.2d 617 (1993), we stated:

Where evidence is not presented in the record on appeal, we cannot speculate that there was prejudicial error but must assume that the findings of fact are conclusive and supported by competent evidence . . . . For that reason, we are precluded from addressing questions of whether the evidence was sufficient to support the trial court's findings of fact, and the only remaining issue is whether the facts found support the conclusions of law.

*Id.* at 173, 423 S.E.2d at 327; *See also Hunt v. Hunt,* 112 N.C. App. 722, 436 S.E.2d 856 (1993).

In the instant case, a transcript was not provided to this Court, despite appellant's statements to the contrary in his brief. As a result, we are precluded from addressing appellant's argument that the evidence was insufficient to support the trial court's findings. Appellant does not contend that the trial court's findings of fact do not support its conclusions of law. Accordingly, we affirm the trial court's conclusion that Moore had abandoned his children.

In conclusion, the portion of Judge Griffin's order which declared Judge Grimes' paternity order a nullity is reversed. As a result, the district court's judicial declaration that Moore fathered the children is reinstated. However, the portion of Judge Griffin's order which held in the alternative that Moore abandoned his children and is therefore barred from inheriting from the children's estate is affirmed. Thus, we affirm Judge Griffin's order directing the Clerk of Superior Court of Beaufort County to exercise his discretion to appoint an administrator for the estates of the children.

Finally, we note that our opinion in no way prejudices any rights that Barrow may have by virtue of having acted *in loco parentis* to the deceased children, if such be the case. *See, Liner v. Brown,* 117 N.C. App. 44, 449 S.E.2d 905 (1994), *disc. review denied,* 340 N.C. 113, 456 S.E.2d 315 (1995) (holding that a determination of *in loco parentis* is a question of intent "to assume parental status" and depends on all the facts and circumstances of the case); 3 Robert E. Lee, *North Carolina Family Law* § 238, at 190 (4th ed. 1981) (holding that one who stands *in loco parentis* to a child assumes, in general, the rights and obligations of a natural parent); N.C. Gen. Stat. § 28A-18-2 (Supp. 1995).

Reversed in part, affirmed in part.

Judges EAGLES and SMITH concur.