ZELMA E. HAYES v. JOYCE M. DIXON, ADMINISTRATRIX OF THE ESTATE OF KYRL HOUSTON JEFFRIES, NOVELLA J. MARTIN, SAMUEL JEFFRIES AND JOYCE M. DIXON, ADMINISTRATRIX OF ESTATE OF MYRTLE JEFFRIES

No. 8618SC254

(Filed 7 October 1986)

**1. Descent and Distribution § 8— illegitimate child—inheritance from father— failure to comply with legitimation statutes**

Although defendants admitted that the plaintiff is the illegitimate daughter of decedent, plaintiff has no right to inherit from decedent where there had been no compliance with N.C.G.S. § 29-19(b) governing succession by and through illegitimate children.

2. **Descent and Distribution § 8— illegitimate child—right to inherit from father —no constructive compliance with legitimation statutes**

      Even if constructive compliance with N.C.G.S. § 29-19(b) were recognized as being sufficient to permit an illegitimate child to inherit from its biological father, decedent did not constructively comply with the statute by designating plaintiff, as his daughter, as the beneficiary of a group life insurance policy or by purchasing savings bonds made payable to plaintiff.

3. **Descent and Distribution § 8— illegitimate child—right to inherit from father —failure to show legitimation in another state**

      Plaintiff failed to show that she had been legitimated in accordance with the laws of New York so as to permit her to inherit from her biological father pursuant to N.C.G.S. § 29-18.

APPEAL by plaintiff from *Ross, Judge.* Judgment entered 1 October 1985 in Superior Court, GUILFORD County. Heard in the Court of Appeals 15 September 1986.

Kyrl Houston Jeffries died intestate in Guilford County, North Carolina, on 5 October 1984. Plaintiff claims and defendants admit that plaintiff is the illegitimate daughter of decedent. Plaintiff commenced this action to establish her right to inherit decedent's estate.

Plaintiff's pleadings and affidavits tended to show the following facts. Plaintiff's birth certificate indicates decedent as her father. Decedent designated plaintiff, as his daughter, as the beneficiary of proceeds from a federal employees group life insurance policy and had purchased savings bonds totalling approximately $6,750.00 made payable to plaintiff.

Defendants, who are decedent's collateral heirs, admit in their answer that plaintiff is the illegitimate daughter of decedent. However, defendants moved for summary judgment on the ground that no genuine issue as to any material fact existed since there had been no compliance with G.S. 29-19 governing succession by and through illegitimate children. The trial court granted defendants' motion for summary judgment. From the order granting summary judgment, plaintiff appeals.

*Levitt and Gordon, by Dean L. Gordon; and Faison, Brown, Fletcher, Shearon & Brough, by Reginald B. Gillespie, Jr., for plaintiff appellant.*

*Street, Welborn & Stokes, by Marquis D. Street, for defendant appellees.*

ARNOLD, Judge.

**[1]** Plaintiff contends that it was error for the trial court to apply G.S. 29-19(b) in this matter where the biological father-daughter relationship between decedent and plaintiff is not a genuine issue. We do not agree.

G.S. 29-19(b) in pertinent part states:

> For purposes of intestate succession, an illegitimate child shall be entitled to take by, through and from:
>
> (1) Any person who has been finally adjudged to be the father of such child pursuant to the provisions of G.S. 49-1 through 49-9 or the provisions of G.S. 49-14 through 49-16;
>
> (2) Any person who has acknowledged himself during his own lifetime and the child's lifetime to be the father of such child in a written instrument executed or acknowledged before a certifying officer named in G.S. 52-10(b) and filed during his own lifetime and the child's lifetime in the office of the clerk of superior court of the county where either he or the child resides.

Absent the statute, an illegitimate child has no right to inherit from his or her putative father. *See Herndon v. Robinson*, 57 N.C. App. 318, 291 S.E. 2d 305, *appeal dismissed* and *cert. denied*, 306 N.C. 557, 294 S.E. 2d 223 (1982). In the present case, there has been no compliance with G.S. 29-19. Therefore plaintiff has no right to inherit from decedent.

The statute mandates what at times may create a harsh result. It is not, however, for the courts but rather for the legislature to effect any change. We find no error in the application of G.S. 29-19 in this case.

**[2]** Plaintiff also argues that the decedent's actions during his life constituted constructive compliance with G.S. 29-19. We disagree.

Although we are aware of cases commenting upon constructive compliance, the doctrine has not been specifically recognized in North Carolina. However, even if the doctrine were to exist,

decedent's acts in this case would not rise to the level of constructive compliance with G.S. 29-19.

[3] Plaintiff further contends "that the plaintiff-appellant may be the 'legitimated child' under the laws of the state of New York within the meaning of G.S. 29-18 and therefore entitled to inherit from decedent." We disagree.

G.S. 29-18 states:

A child born an illegitimate who shall have been legitimated in accordance with G.S. 49-10 or 49-12 or in accordance with the applicable law of any other jurisdiction, and the heirs of such child, are entitled by succession to property by, through and from his father and mother and their heirs the same as if born in lawful wedlock; and if he dies intestate, his property shall descend and be distributed as if he had been born in lawful wedlock.

We find that plaintiff has made no showing that she has been legitimated in accordance with the applicable law of New York.

Finally, we find plaintiff's argument that it was a denial of equal protection to apply G.S. 29-19 in this case to be without merit.

Affirmed.

Chief Judge HEDRICK and Judge ORR concur.