IN THE MATTER OF THE ESTATE OF: TRAVIS RAY MORRIS, Deceased

No. COA95-126

(Filed 16 July 1996)

**Illegitimate Children § 55 (NCI4th)— illegitimate child— acknowledgment of paternity—failure to file with clerk— no inheritance from child through intestate succession**

    By executing an affidavit of paternity under N.C.G.S. § 130A-101(f), petitioner did not constructively comply with the statutory requirements of N.C.G.S. § 29-19(b) and (c), which

## IN RE ESTATE OF MORRIS

[123 N.C. App. 264 (1996)]

allow a father to inherit from an illegitimate child through intestate succession, since petitioner never filed his acknowledgment with the clerk of court, and constructive compliance has not been specifically recognized in North Carolina.

**Am Jur 2d, Bastards §§ 57, 145.**

**Illegitimate child as "lineal descendant" and "child" within the provisions of inheritance, succession, or estate tax statutes respecting exemption and tax rates. 3 ALR2d 166.**

Appeal by petitioner from judgment entered 16 May 1994 by Judge Paul Wright in Bertie County Superior Court. Heard in the Court of Appeals 26 October 1995.

Petitioner Allen Ray Morris filed this action in an attempt to share in the estate of the minor child Travis Ray Morris, deceased. Respondent Lynn Gordon Watkins gave birth to Travis on 4 March 1991. Pursuant to N.C. Gen. Stat. § 130A-101(f), petitioner and respondent, who were unmarried, executed a document on 5 March 1991 entitled "Affidavit of Parentage For Children Born Out Of Wedlock." In the document, the parties affirmed before a notary that Travis was the natural child of petitioner and respondent. Upon execution of the affidavit, Travis' birth certificate listed petitioner as the father.

Travis was fatally injured in an automobile crash and died 21 November 1991. Respondent qualified as administratrix of Travis' estate and filed a wrongful death action on behalf of the estate. Respondent eventually settled the claim and received a net sum of $104,720.69. Respondent, as administratrix, paid the entire proceeds to herself, individually, as Travis' mother and sole heir at law. Petitioner filed this action 1 June 1993 seeking one-half of the net wrongful death proceeds. Upon filing of the petition, respondent deposited one-half of the proceeds with the Clerk of Superior Court of Bertie County.

After a hearing, the Clerk of Court denied the relief requested by petitioner. Petitioner appealed to the Superior Court, where after a *de novo* hearing, the court entered a judgment affirming the order of the Clerk. From this judgment, petitioner appeals.

IN RE ESTATE OF MORRIS

[123 N.C. App. 264 (1996)]

*Joynes & Bieber, P.A., by Leonard G. Logan, Jr., for petitioner-appellant.*

*Overton, Jones and Carter, P.A., by Larry S. Overton and Bruce L. Daughtry, for respondent-appellee.*

McGEE, Judge.

Petitioner argues that by executing an affidavit of paternity under G.S. 130A-101(f), he constructively complied with the statutory requirements of N.C. Gen. Stat. § 29-19(b) and (c), which allow a father to inherit from an illegitimate child through intestate succession. We disagree with petitioner and affirm the judgment of the trial court.

Intestate succession by and through illegitimate children is governed by G.S. 29-19. "Absent [G.S. 29-19], an illegitimate child has no right to inherit from his or her putative father." *Hayes v. Dixon,* 83 N.C. App. 52, 54, 348 S.E.2d 609, 610 (1986), *disc. review denied and appeal dismissed,* 319 N.C. 224, 353 S.E.2d 402, *cert. denied,* 484 U.S. 824, 98 L. Ed. 2d 50 (1987). Likewise, G.S. 29-19 also provides the only means by which a putative father may inherit from his illegitimate child. Pursuant to G.S. 29-19(c), the father of an illegitimate child and the father's lineal and collateral kindred may only take by and through the child for purposes of intestate succession if the father has qualified under the requirements of G.S. 29-19(b). In order to qualify under G.S. 29-19(b), the father must either: 1) have been finally adjudged to be the father of the child in an action for support brought under N.C. Gen. Stat. §§ 49-1 through 49-9 or in a civil action to establish paternity under N.C. Gen. Stat. §§ 49-14 through 49-16; or 2) must have acknowledged himself, during his own and the child's lifetimes, as the child's father in a document executed or acknowledged before a certifying officer and filed with the clerk of court in the county where either the father or child resides. Petitioner fails to qualify under either statutory requirement.

As petitioner admits, he has never been adjudged to be Travis' father. However, he contends that by acknowledging his paternity before a notary public and executing the "Affidavit Of Parentage For Child Born Out Of Wedlock," he has constructively complied with the requirements of G.S. 29-19(b)(2). Although petitioner has satisfied part of the statutory requirements, he never filed the acknowledgment with the clerk of court, and therefore did not fulfill all of the requirements. "Although we are aware of cases commenting upon

constructive compliance, the doctrine has not been specifically recognized in North Carolina." *Hayes*, 83 N.C. App. at 54, 348 S.E.2d at 610. "G.S. 29-19(c) clearly and unambiguously provides that a putative father and his kindred are only entitled to inherit from an illegitimate child if paternity has been established by one of the methods prescribed in G.S. 29-19(b)." *In re Estate of Stern v. Stern*, 66 N.C. App. 507, 510, 311 S.E.2d 909, 911, *affirmed*, 312 N.C. 486, 322 S.E.2d 771 (1984), *appeal dismissed sub nom. Stern v. Weiss*, 471 U.S. 1011, 85 L. Ed. 2d 294 (1985). Because petitioner failed to establish paternity as prescribed by G.S. 29-19, he may not inherit from his illegitimate child.

Petitioner argues the General Assembly provided another method of establishing paternity by enacting G.S. 130A-101(f). He further argues that recognizing an acknowledgement of paternity under that statute as being sufficient for purposes of inheriting by, through and from illegitimate children would further the public policy of equalizing as far as practical the inheritance rights of legitimate and illegitimate children. *See Mitchell v. Freuler*, 297 N.C. 206, 254 S.E.2d 762 (1979) (this State has sought to mitigate the hardships of the former law whereby illegitimate child could only inherit from its mother and to equalize rights of legitimate and illegitimate children). Petitioner correctly points out that the majority of cases under G.S. 29-19 involve an illegitimate child attempting to inherit from his or her putative father. Petitioner argues it would be unfair to prevent a child from inheriting from his or her father and *vice versa* if the father acknowledged paternity under G.S. 130A-101(f) but failed to file the acknowledgment with the clerk of court. While there may be some merit to this argument, we remain unpersuaded.

As stated above, G.S. 29-19 provides the only means whereby illegitimate children may inherit from their putative fathers through intestate succession and the only means whereby putative fathers may inherit from their illegitimate children. When, as here, the statutory language is clear and unambiguous, there is no room for judicial construction and the court must give the statute its plain meaning without superimposing provisions or limitations not contained therein. *Stern*, 66 N.C. App. at 510, 311 S.E.2d at 911. As this Court has recognized, G.S. 29-19 "mandates what at times may create a harsh result. It is not, however, for the courts but rather for the legislature to effect any change." *Hayes*, 83 N.C. App. at 54, 348 S.E.2d at 610. Although not applicable to this case, we note that our General Assembly amended G.S. 130A-101(f) effective 1 October 1993, just

after this action was filed. The amended statute reads, in part, as follows: "The execution and filing of this affidavit [acknowledging paternity] with the registrar does not affect rights of inheritance unless the affidavit is also filed with the clerk of court in accordance with G.S. 29-19(b)(2)."

For the reasons stated, the judgment of the trial court affirming the order of the Clerk of Court is affirmed.

Affirmed.

Judges GREENE and MARTIN, Mark D. concur.