GWENDOLYN W. PHILLIPS, Plaintiff v. MARILYN OWENBY LEDFORD and GEORGE RICHARD OWENBY, As Co-Administrators of the Estate of Benjamin Jay Owenby, and MARILYN OWENBY LEDFORD, GEORGE RICHARD OWENBY, CLAUDIA DIANNE HENDLEY, DOROTHY MARIE SHOFF, LINDA GAIL JONES, ARTHUR PAUL BARKER, TIMMY BARKER, RONNIE BARKER, SANDY BARKER RUSSELL, DONNIE OWENBY, LISA OWENBY SETZER, As Heirs of the Estate of Benjamin Jay Owenby Defendants

No. COA02-1605

(Filed 6 January 2004)

**Intestate Succession— illegitimate child—adjudication or acknowledgment during lifetime required**

The trial court did not err by granting defendants' motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) in a declaratory judgment action seeking a determination that plaintiff illegitimate child was decedent's sole heir who was entitled to inherit from her father through this state's intestacy laws, because: (1) plaintiff's complaint did not include any claim that decedent was

adjudged to be her father or that decedent acknowledged himself to be plaintiff's father in a written instrument which was duly executed and filed as required by N.C.G.S. § 29-19(b)(1) and (2); (2) a positive DNA test is not enumerated in the statute as a method of meeting the requirements to legitimate a child; and (3) although plaintiff bases her appeal on the grounds that N.C.G.S. § 29-19 violates her equal protection and due process rights, the courts will avoid constitutional questions even if properly presented where a case may be resolved on other grounds.

Appeal by plaintiff from judgment entered 17 September 2002 by Judge J. Marlene Hyatt in Buncombe County Superior Court. Heard in the Court of Appeals 17 September 2003.

*Hyler & Lopez, P.A., by George B. Hyler, Jr. and Robert J. Lopez, attorneys for plaintiff.*

*James Michael Lloyd, P.A., by James Michael Lloyd, attorney for defendant.*

TIMMONS-GOODSON, Judge.

Gwendolyn W. Phillips ("plaintiff") appeals from a trial court dismissal granted pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). For the reasons stated herein, we affirm the trial court's decision.

The facts of this case are as follows: Benjamin Jay Owenby ("decedent") died intestate in Buncombe County, North Carolina on 29 January 2002. At the time of his death, decedent was not married, not survived by parents, and had no children other than plaintiff. Plaintiff is the natural and biological daughter of decedent and Nancy Wilson Waldron. Decedent and Waldron were never married.

On 11 March 2002, the Buncombe County Estate Division opened decedent's estate. Marilyn Owenby Ledford and George Richard Owenby ("defendants"), were appointed co-administrators for the estate. Defendants are decedent's siblings.

Decedent had seven siblings, three of whom predeceased him. Two of the deceased siblings had children and the third deceased sibling had no children. The four surviving siblings and the children of the deceased siblings were named in the Application of Letters of Administration as the decedent's heirs and those persons entitled to share in the decedent's estate, and are also defendants in this action.

PHILLIPS v. LEDFORD

[162 N.C. App. 150 (2004)]

Born on 19 April 1972, plaintiff was not told that she was decedent's daughter until several years prior to decedent's death. After decedent was told that he was plaintiff's biological father, plaintiff and decedent were tested by a DNA genetic paternity testing laboratory which determined to a greater than 99% level of certainty that decedent could not be excluded as the father of the plaintiff. After the DNA testing, plaintiff and decedent developed a parent-child relationship. Decedent acknowledged to his family, friends, and the general public that he was plaintiff's father. Furthermore, decedent's siblings and their families were aware that plaintiff was decedent's daughter. However, decedent never legitimated plaintiff, and decedent was never adjudicated to be plaintiff's father during his lifetime.

On 17 June 2002, plaintiff filed this action pursuant to N.C. Gen. Stat. § 1-253, seeking a declaratory judgment that she is the sole heir of the decedent. Defendants filed a motion to dismiss which was granted, and an order of dismissal was entered on 17 September 2002. It is from this order that plaintiff now appeals.

---

Plaintiff's sole assignment of error is that the trial court improvidently granted defendants' motion to dismiss because the statute which stood as grounds for dismissal, N.C. Gen. Stat. § 29-19, as applied violates plaintiff's right to due process and equal protection under the North Carolina and United States Constitutions. Plaintiff believes that the statute lacks a substantial and legitimate relationship to the particular state interest that it purports to protect, and therefore is unconstitutional.

The first step in this Court's analysis is to consider the trial court's treatment of the motion to dismiss. On a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the standard of review is " 'whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory.' " *Block v. County of Person*, 141 N.C. App. 273, 277, 540 S.E.2d 415, 419 (2000) *quoting Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). "The complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief." *Id.* at 277-78 *citing Dixon v. Stewart*, 85 N.C. App. 338, 354 S.E.2d 757 (1987). In the present case, this Court must consider whether plaintiff's complaint, treated as if all the allegations therein are true, would meet the statutory require-

ment for an illegitimate child to inherit from her father through this state's intestacy laws. We hold that plaintiff's complaint does not meet this requirement.

The statute governing succession by, through and from illegitimate children states in pertinent part:

> For purposes of intestate succession, an illegitimate child shall be entitled to take by, through and from: (1) any person who has been finally adjudged to be the father of such child . . .; (2) any person who has acknowledged himself during his own lifetime and the child's lifetime to be the father of such child in a written instrument executed or acknowledged before a certifying officer . . . and filed during his own lifetime and the child's lifetime in the office of the clerk of superior court of the county where either he or the child resides.

N.C. Gen. Stat. § 29-19(b)(1) and (2) (2001). "Absent the statute, an illegitimate child has no right to inherit from his or her putative father." *Hayes v. Dixon*, 83 N.C. App. 52, 54, 348 S.E.2d 609, 610 (1986) *citing Herndon v. Robinson*, 57 N.C. App. 318, 291 S.E.2d 305 (1982).

In her complaint, plaintiff asserts the following pertinent allegations:

17. Several years prior to the death of the Decedent, Benjamin Jay Owenby:

    a. Plaintiff learned that the Decedent was her father;

    b. Plaintiff and the Decedent developed a close and loving relationship;

    c. Decedent acknowledged and held to his family, his friends and the general public that he was the father of the Plaintiff;

    d. Decedent's siblings and their families were aware that the Plaintiff was the daughter of the Decedent.

18. Several years prior to the death of the decedent, the Plaintiff and the [D]ecedent were tested by a genetic paternity testing laboratory and it was determined to a greater than 99% level of certainty that the [D]ecedent could not be excluded as the father of the child.

Plaintiff's complaint did not include any claim that decedent was adjudged to be her father, or that decedent acknowledged himself to be plaintiff's father in a written instrument which was duly executed and filed. Although the North Carolina Supreme Court has recognized DNA profile testing to be generally admissible evidence as a reliable technique within the scientific community, *see State v. Pennington,* 327 N.C. 89, 101, 393 S.E.2d 847, 854 (1990), a positive DNA test is not enumerated in the statute as a method of meeting the requirements to legitimate a child.

"The statute mandates what at times may create a harsh result. It is not, however, for the courts but rather for the legislature to effect any change." *Hayes,* 83 N.C. App. at 54, 348 S.E.2d at 610. The allegations set forth in plaintiff's complaint do not satisfy the statutory requirement for an illegitimate child to inherit through the state's intestacy laws. Therefore, these allegations, even when treated as true, are not sufficient to state a claim upon which relief may be granted. For this reason, we conclude that the trial court properly granted defendants' motion to dismiss.

Plaintiff bases her appeal of the Rule 12(b)(6) dismissal on an argument that N.C. Gen. Stat. § 29-19 violates her equal protection and due process rights as afforded her by the North Carolina and United States Constitutions. Because we have determined that plaintiff's complaint does not state a claim upon which relief can be granted, we need not address whether the statute violates plaintiff's rights under the North Carolina and United States Constitutions. *See Anderson v. Assimos,* 356 N.C. 415, 416, 572 S.E.2d 101, 102 (2002) (per curiam) ("[T]he courts of this State will avoid constitutional questions, even if properly presented, where a case may be resolved on other grounds."). The trial court properly granted defendants' motion to dismiss and therefore we decline to address the constitutional issues presented in this appeal.

No error.

Judges HUDSON and ELMORE concur.