IN THE MATTER OF: THE ESTATE OF FRANK STEPHEN POTTS

No. COA07-195

(Filed 16 October 2007)

**Intestate Succession— establishing parentage—voluntary child support agreement**

The trial court did not err by concluding that decedent's voluntary child support agreement was sufficient to establish his parentage of petitioner entitling petitioner to inherit from decedent under N.C.G.S. § 29-19(b)(2) through intestate succession, because: (1) N.C.G.S. § 29-19(b) does not place any limitations on the type of written instrument which must be filed with the clerk of superior court; (2) the requirements of the statute are that the father of the child must acknowledge himself to be the father of the child in a written instrument, execute the instrument or acknowledge parentage before a certifying officer named in N.C.G.S. § 52-10(b), and file the instrument during the lifetime of both the father and child in the superior court of the county in which either reside; and (3) the pertinent voluntary support agreement stated the decedent acknowledged he was the parent of the child, it was executed before a notary, and it was approved and signed by a district court judge and filed with the clerk of superior court in the county where decedent had lived and died.

Appeal by respondents from an order dated 24 October 2006 by Judge Dennis J. Winner in Macon County Superior Court. Heard in the Court of Appeals 13 September 2007.

*Creighton W. Sossomon for respondent-appellants.*

*Adams Hendon Carson Crow & Saenger, P.A., by George W. Saenger, for petitioner-appellee.*

BRYANT, Judge.

William Terry Potts and Vella Mae Potts (collectively respondents) appeal from the trial court's order dated 24 October 2006 affirming the order of the Clerk of Superior Court holding Arthur Scott Reynolds (petitioner) was the child and sole heir of Frank Stephen Potts (Potts). For the reasons stated herein, we affirm the order of the trial court.

*Facts and Procedural History*

Petitioner was born out of wedlock to Potts and Marni Rose Reynolds on 8 April 1989. On 13 April 2004, Potts executed a Voluntary Support Agreement and Order and, on 15 April 2004, an Affidavit of Parentage For Child Born Out of Wedlock. On 15 April 2004, the presiding district court judge approved and signed the voluntary support agreement, thereby according it the "same force and effect" as an order of the court. N.C. Gen. Stat. § 110-132(a) (2005). The voluntary support order was filed the same day, and contains the date and time stamp of the Macon County Clerk of Superior Court. A copy of the affidavit of parentage was filed together with the support order, but it was not separately clocked in, and therefore does not contain a date and time stamp of the Clerk of Superior Court for Macon County.

On 2 September 2004, Potts executed a document naming respondent William Terry Potts as executor of his estate. However, Potts did not provide for the distribution of his assets in the testamentary document and, upon Potts' death on 19 January 2005, distribution of his estate was to be determined by the intestate laws of the State of North Carolina. Potts is survived by petitioner (his child), and respondents (his brother and mother).

On 24 March 2006, petitioner's mother filed on his behalf a complaint seeking the removal of respondent William Potts as the executor of Potts' estate and the establishment of petitioner as Potts' sole heir. Respondents filed their response on 26 April 2006 and petitioner filed a Notice of Claim pursuant to N.C. Gen. Stat. § 29-19 on 17 May 2006.

A hearing on this matter was held before the Clerk of Court on 18 May 2006, and the Clerk determined petitioner to be the sole heir of Potts and entitled to take his net estate. Respondents appealed to the Superior Court of Macon County. In an order dated 24 October

2006, the Superior Court affirmed the judgment of the Clerk. Respondents appeal.

---

The dispositive issue respondents present to this Court on appeal is whether the trial court erred in concluding that Potts' voluntary child support agreement is sufficient to establish his parentage of petitioner entitling petitioner to inherit from Potts pursuant to N.C. Gen. Stat. § 29-19(b)(2). Respondents argue, pursuant to N.C. Gen. Stat. § 110-132, that a voluntary support agreement is self-limiting and cannot qualify as a written instrument capable of creating inheritance rights through N.C. Gen. Stat. § 29-19(b)(2). N.C. Gen. Stat. §. 110-132 states voluntary support agreements "shall have the same force and effect as an order of support entered by that court[.]" N.C. Gen. Stat. § 110-132(a) (2005). However, this language does not imply voluntary support agreements are strictly limited such that they may have no legal implications other than that of child support, as respondents assert; it acknowledges that voluntary support agreements, when properly acknowledged and approved by a trial court, have the same force and effect as a trial court's order of support.

For the purposes of intestate succession, an illegitimate child is entitled to take from:

> Any person who has acknowledged himself during his own lifetime and the child's lifetime to be the father of such child in a written instrument executed or acknowledged before a certifying officer named in G.S. 52-10(b) and filed during his own lifetime and the child's lifetime in the office of the clerk of superior court of the county where either he or the child resides.

N.C. Gen. Stat. § 29-19(b)(2) (2005). It is well settled that,

> [w]hen construing statutes, this Court first determines whether the statutory language is clear and unambiguous. If the statute is clear and unambiguous, we will apply the plain meaning of the words, with no need to resort to judicial construction. However, when the language of a statute is ambiguous, this Court will determine the purpose of the statute and the intent of the legislature in its enactment.

*Wiggs v. Edgecombe County,* 361 N.C. 318, 322, 643 S.E.2d 904, 907 (2007) (internal citations and quotations omitted).

The language of N.C. Gen. Stat. § 29-19(b) is clear and unambiguous and, on its face, the statute does not place any limitations on the

type of written instrument which must be filed with the Clerk of Superior Court. To meet the requirements imposed by this statute, the father of the child must:

(1) acknowledge himself to be the father of the child in a written instrument;

(2) execute the instrument or acknowledge parentage before a certifying officer named in N.C. Gen. Stat. § 52-10(b); and

(3) file the instrument during the lifetime of both the father and child in the superior court of the county in which either reside.

N.C. Gen. Stat. § 29-19(b)(2) (2005); *see also In re Estate of Morris*, 123 N.C. App. 264, 472 S.E.2d 786 (1996).

In the case at hand, Potts' voluntary support agreement states, "I hereby acknowledge that I am the parent of the child(ren) named below . . . ." Petitioner is the child named in Potts' voluntary support agreement. Potts' voluntary support agreement was executed before a notary, which is a certifying officer named in N.C. Gen. Stat. § 52-10(b) (2005) ("Such certifying officer shall be a notary public . . . ."). The voluntary support agreement was approved and signed by a district court judge and filed with the Clerk of Superior Court in Macon County, North Carolina, on 15 April 2004. Potts lived in the town of Highlands located in Macon County, North Carolina, and died on 19 January 2005. Petitioner is still living.

As found by the trial court, Potts' voluntary support agreement meets the requirements of N.C. Gen. Stat. § 29-19(b)(2) and petitioner is entitled, for the purposes of intestate succession, to take by, through and from decedent Frank Stephen Potts. Respondents' assignments of error are overruled.

Affirmed.

Judges STEELMAN and GEER concur.