IN THE MATTER OF THE ESTATE OF: WHITNEY MONIQUE MANGUM, Deceased

No. COA10-1454

(Filed 17 May 2011)

**1. Parent and Child— voluntary parenting agreement—statutory requirements**

The assistant clerk of court and the superior court judge did not err by concluding that the parties' voluntary parenting agreement satisfied the requirements of N.C.G.S. § 29-19(b)(2).

**2. Estates— legal heir—father**

The superior court did not err by finding that petitioner was a legal heir of his child's estate. The birth and death certificates, the parenting agreement, and the fact that petitioner held himself out as the child's father was enough to support the corresponding findings of fact.

Appeal by respondent from order entered 17 August 2010 by Judge Shannon R. Joseph in Wake County Superior Court. Heard in the Court of Appeals 13 April 2011.

*Lorie Cramer for petitioner-appellee.*

*George Ligon, Jr., for respondent-appellant.*

McCULLOUGH, Judge.

Shannon Street ("respondent) appeals from an order finding Samuel Earl Mangum ("petitioner") to be a legal heir of the Estate of Whitney Monique Mangum. For reasons discussed herein, we affirm.

I. Background

Petitioner filed a Petition for Acknowledgment as Heir of the estate of his daughter, Whitney. On 12 March 1988, respondent gave birth to Whitney out of wedlock. Petitioner was designated as Whitney's biological father on the birth certificate.

Whitney was fatally injured in a hit-and-run automobile accident and died 27 September 2009. Soon thereafter, the liability carrier tendered policy limits to the heirs of the estate. Respondent qualified as administratrix of Whitney's estate and refused to recognize petitioner as an heir of the estate.

Accompanying the Petition, petitioner included a copy of Whitney's birth and death certificates, acknowledging him as her biological father. Petitioner also referenced a 1996 civil action filed in Wake County District Court by respondent, seeking mutual custody, visitation and support. The civil action was resolved by a "Parenting Agreement" attached to the trial court's order. The parties and the district court judge signed the Parenting Agreement on different dates. The Assistant Clerk of Superior Court for Wake County deemed petitioner to be a legal heir of Whitney's estate, which respondent appealed to the Wake County Superior Court. After reviewing the decision of the Assistant Clerk of Court, the trial judge affirmed the decision of the Clerk. Respondent-appellant appeals.

## II. Analysis

### A. Compliance with N.C. Gen. Stat. § 29-19(b)(2)

[1] The main issue respondent raises to this Court on appeal is whether or not the trial court erred in concluding that the voluntary Parenting Agreement satisfied the requirement of N.C. Gen. Stat. § 29-19(b)(2) (2009) to recognize petitioner as decedent's father. Respondent argues, pursuant to N.C. Gen. Stat. § 29-19(b)(2), that petitioner and respondent did not follow the specified requirements by signing the Parenting Agreement in the presence of a certifying officer. Based upon prior case law and our interpretation of the statute, we disagree.

In reviewing an appeal to the superior court from an order of the clerk of court in a probate matter, the trial court sits as an appellate court. *In re Estate of Swinson*, 62 N.C. App. 412, 415-16, 303 S.E.2d 361, 363-64 (1983). When the order appealed from contains specific findings of fact or conclusions to which the appellant takes exception, the trial court on appeal is to apply the whole record test. *Id.* at 415, 303 S.E.2d at 363. In applying the whole record test, the trial court "reviews the Clerk's findings and may either affirm, reverse, or modify them." *In re Estate of Pate*, 119 N.C. App. 400, 403, 459 S.E.2d 1, 2 (1995). The judge must affirm if there is sufficient evidence to support the clerk's findings. *Swinson*, 62 N.C. App. at 415, 303 S.E.2d at 363. "Moreover, even though the Clerk may have made an erroneous finding which is not supported by the evidence, the Clerk's order will not be disturbed if the legal conclusions upon which it is based are supported by other proper findings." *Pate*, 119 N.C. App. at 403, 459 S.E.2d at 2. "The standard of review in this Court is the same as in the Superior Court." *Id.* at 403, 459 S.E.2d at 2-3. In the case

before us, respondent took exception to a few of the Clerk's findings of fact and conclusions of law.

N.C. Gen. Stat. § 29-19(b)(2) and (c) state:

> (b) For purposes of intestate succession, an illegitimate child shall be entitled to take by, through and from:
>
> . . . .
>
> (2) Any person who has acknowledged himself during his own lifetime and the child's lifetime to be the father of such child in a written instrument executed or acknowledged before a certifying officer named in G.S. 52-10(b) and filed during his own lifetime and the child's lifetime in the office of the clerk of superior court of the county where either he or the child resides.
>
> . . . .
>
> (c) Any person described under subdivision (b)(1) or (2) above and his lineal and collateral kin shall be entitled to inherit by, through and from the illegitimate child.

N.C. Gen. Stat. § 29-19 "provides the only means by which a putative father may inherit from his illegitimate child." *In re Estate of Morris*, 123 N.C. App. 264, 266, 472 S.E.2d 786, 787 (1996). This Court has held that,

> "[w]hen construing statutes, this Court first determines whether the statutory language is clear and unambiguous. If the statute is clear and unambiguous, we will apply the plain meaning of the words, with no need to resort to judicial construction. However, when the language of a statute is ambiguous, this Court will determine the purpose of the statute and the intent of the legislature in its enactment."

*Wiggs v. Edgecombe County*, 361 N.C. 318, 322, 643 S.E.2d 904, 907 (2007) (internal citations and quotations omitted).

The language of N.C. Gen. Stat. § 29-19(b) is clear and unambiguous and, on its face, the statute does not place any limitations on the type of written instrument which must be filed with the Clerk of Superior Court. To meet the requirements imposed by this statute, the father of the child must:

(1) acknowledge himself to be the father of the child in a written instrument;

(2) execute the instrument or acknowledge parentage before a certifying officer named in N.C. Gen. Stat. § 52-10(b); and

(3) file the instrument during the lifetime of both the father and child in the superior court of the county in which either reside.

N.C. Gen. Stat. § 29-19(b)(2) (2005); *see also In re Estate of Morris*, 123 N.C. App. 264, 472 S.E.2d 786 (1996).

*In re Estate of Potts*, 186 N.C. App. 460, 462-63, 651 S.E.2d 297, 299 (2007).

In the case at bar, petitioner meets the requirements as laid out in N.C. Gen. Stat. § 29-19(b)(2) and further examined in *Potts*. First, petitioner clearly acknowledged himself to be Whitney's father in the Parenting Agreement, as he is referred to as her father throughout the document. The Parenting Agreement and Order Approving Parenting Agreement meet the requirements of a written instrument in similar fashion to the voluntary support agreement in *Potts. See generally Potts*, 186 N.C. App. 460, 651 S.E.2d 297 (voluntary support agreement found to meet the requirements of N.C. Gen. Stat. § 29-19(b)(2)).

The dispositive issue arises in petitioner's meeting of the second requirement that he execute the instrument or acknowledge parentage before a certifying officer named in N.C. Gen. Stat. § 52-10(b) (2009). Respondent contends that because petitioner and respondent did not appear "in the presence" of the district court judge, then the Parenting Agreement does not meet the second requirement. This is not the case as the Parenting Agreement was acknowledged by all parties and approved by the district court judge.

As the assistant clerk of court determined and the superior court affirmed, the meaning of "before" in N.C. Gen. Stat. § 29-19(b)(2), considering case law and the purpose and intent of the statute is "in the jurisdiction of" the certifying officer (or, as in here, the district court judge). Petitioner properly accepted parentage of Whitney in the Parenting Agreement and acknowledged it before the district court by presenting it for consideration.

As for the final requirement, petitioner clearly met the condition by filing the Parenting Agreement in the Wake County Superior Court. Both respondent and Whitney were residents of Wake County at the time of Whitney's death. Therefore, the assistant clerk of court and

the superior court judge did not err in concluding that the Parenting Agreement satisfied the requirements of N.C. Gen. Stat. § 29-19(b)(2).

## B. Findings of Fact

[2] Respondent also contends that the superior court erred by finding that petitioner was a legal heir of Whitney's estate based on findings of fact unsupported by the evidence. This argument is without merit.

Respondent assigned error to four findings of fact and also argued that the assistant clerk of court erred by not conducting an evidentiary hearing. As stated above, "[i]f there is evidence to support the findings of the Clerk, the judge must affirm." *Swinson*, 62 N.C. App. at 415, 303 S.E.2d at 363. "Moreover, even though the Clerk may have made an erroneous finding which is not supported by the evidence, the Clerk's order will not be disturbed if the legal conclusions upon which it is based are supported by other proper findings." *Pate*, 119 N.C. App. at 403, 459 S.E.2d at 2.

The assistant clerk clearly based his decisions on the pleadings and documentation filed with the trial court. The evidence reviewed by the assistant clerk in the form of birth and death certificates, the Parenting Agreement, and the fact that petitioner has held himself out as Whitney's father, is enough to support the corresponding findings of fact. For those reasons, the assistant clerk had sufficient findings of fact to determine that petitioner was a legal heir of Whitney's estate. We find no error on the part of the superior court.

## III. Conclusion

For the foregoing reasons, we affirm the decision of the trial court in finding that petitioner is a legal heir of the Estate of Whitney Monique Mangum.

Affirmed.

Judges HUNTER (Robert C.) and Judge BRYANT concur.