IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-796

Filed 21 May 2025

Cumberland County, No. 20E001529-250

IN THE MATTER OF THE WILL OF FRANKLIN D. ARNETTE, Deceased.

Appeal by Betty Arnette from Order entered 16 February 2024 by Judge Regina M. Joe in Cumberland County Superior Court. Heard in the Court of Appeals 25 February 2025.

*Sharon A. Keyes for Propounder-Appellant.*

*Yarborough, Winters & Neville, P.A., by J. Thomas Neville, for Caveators-Appellees.*

HAMPSON, Judge.

**Factual and Procedural Background**

Betty Arnette (Propounder-Appellant) appeals from an Order entered in favor of Connie Parker, Debra Monk, and Christina McQueen (Caveators-Appellees) granting Caveators-Appellees' Motion to Cause Amendment to Persons Entitled to Share in Decedent's Estate. The Record before us tends to reflect the following:

Franklin D. Arnette (Decedent) executed one will during his lifetime. Following Decedent's death on 29 August 2020, Propounder-Appellant, as the

executrix of Decedent's estate, filed an application to probate Decedent's Will on 22 October 2020. In the application, Propounder-Appellant did not list the Caveators-Appellees as Decedent's heirs. At the time the Will was executed, 2 October 2012, Caveators-Appellees were not adjudicated legal heirs of Decedent nor were they included in the Will.

On 15 November 2019, Decedent properly executed and filed an Affidavit of Parentage and Consent Order of Paternity (Consent Order) in Cumberland County as to each of the Caveators-Appellees. An Amended Paternity Order adjudging Decedent "the biological father of the [Caveators-Appellees] in accordance with NCGS § 49-14" was subsequently entered on 12 February 2020. In its Findings of Fact, the trial court found "the sworn, written affidavit[s] of parentage executed by the natural father [and natural mother] of the children" alongside "their sworn signatures to the affidavits and consent order filed on November 15, 2019" to be clear, cogent, and convincing evidence Decedent was the biological father of Caveators-Appellees. Following entry of the Amended Paternity Order, Decedent was listed as the natural father on Caveators-Appellees' respective birth certificates.

On 30 November 2020, after Propounder-Appellant's application to probate the Will, Caveators-Appellees filed a Caveat seeking statutory shares of Decedent's estate. On 9 February 2021, Caveators-Appellees' counsel sent a written letter to Propounder-Appellant's counsel explaining Caveators-Appellees' claim as entitled after-born children of Decedent. The letter contained copies of the Amended

Paternity Order, birth certificates with Decedent listed as the father, and DNA tests identifying Decedent as Caveators-Appellees' biological father.

Propounder-Appellant subsequently posted the Notice to Creditors on 11 May 2021 and filed a Motion to Dismiss the Caveat pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Within Propounder-Appellant's Motion to Dismiss, she acknowledged receipt of the written letter and additional documents from Caveators-Appellees' counsel. The trial court denied the Motion to Dismiss on 29 March 2022. In the Order denying the Motion to Dismiss the Caveat, the trial court concluded "[Caveators-Appellees] are pretermitted heirs, being after-born children born out of wedlock and are heirs to the Decedent pursuant to N.C.G.S. § 29-19(b)."

On 1 April 2022, Caveators-Appellees filed a Motion to Cause Amendment to Persons Entitled to Share in Decedent's Estate (Motion to Amend). Prior to the hearing on the Motion, Propounder-Appellant filed Notice of Appeal from the Order denying the Motion to Dismiss the Caveat entered on 29 March 2022. On 13 October 2023, this Court dismissed the appeal on interlocutory grounds.

The trial court entered an Order granting Caveators-Appellees' Motion to Amend on 16 February 2024 (Order to Amend). Caveators-Appellees subsequently filed a voluntary dismissal of the Caveat on 27 February 2024. Propounder-Appellant timely filed Notice of Appeal from the Order to Amend on 18 March 2024. Propounder-Appellant did not appeal the Order denying the Motion to Dismiss the

Caveat entered on 29 March 2022, which concluded Caveators-Appellees are pretermitted heirs of Decedent's estate.

## Issue

The dispositive issue on appeal is whether the trial court erred in concluding the Caveators-Appellees are pretermitted heirs under N.C. Gen. Stat. § 29-19(b).

## Analysis

When an appeal in a probate matter "contains specific findings of fact or conclusions to which the appellant takes exception, the trial court on appeal is to apply the whole record test." *In re Estate of Mangum*, 212 N.C. App. 211, 212, 713 S.E.2d 18, 20 (2011) (citing *In re Estate of Swinson*, 62 N.C. App. 412, 415-16, 303 S.E.2d 361, 363-64 (1983)). "The standard of review in this Court is the same as in the [trial court]." *Id.* (citing *In re Estate of Pate*, 119 N.C. App. 400, 403, 459 S.E.2d 1, 2-3 (1995)).

Applying the whole record test, we consider "whether the facts found by the trial judge support the judgment." *In re Estate of Swinson*, 62 N.C. App. 412, 417, 303 S.E.2d 361, 364 (1983) (citing *In re Sams' Estate*, 236 N.C. 228, 229-30, 72 S.E.2d 421, 422 (1952)). The whole record test requires the following determinations: "(1) whether the findings of fact are supported by the evidence; (2) whether the conclusions of law are supported by the findings of fact; and (3) whether the order or judgment is consistent with the conclusions of law and applicable law." *In re Estate of Williams*, 246 N.C. App. 76, 81, 783 S.E.2d 253, 257 (2016) (citing N.C. Gen. Stat.

§ 1-301.3(d) (2023)). If there is sufficient evidence to support the findings, we must affirm. *Mangum*, 212 N.C. App. at 212, 713 S.E.2d at 20 (citing *Swinson*, 62 N.C. App. at 415, 303 S.E.2d at 363).

"An illegitimate child's right to inherit from her putative father is established only via strict compliance with" statutory requirements. *In re Williams*, 208 N.C. App. 148, 152, 701 S.E.2d 399, 401 (2010). N.C. Gen. Stat. § 29-19(b) provides:

> (b) For purposes of intestate succession, a child born out of wedlock shall be entitled to take by, through and from:
>
> (1) Any person who has been finally adjudged to be the father of the child pursuant to the provisions of G.S. 49-1 through 49-9 or the provisions of G.S. 49-14 through 49-16;
>
> (2) Any person who has acknowledged himself during his own lifetime and the child's lifetime to be the father of the child in a written instrument executed or acknowledged before a certifying officer named in G.S. 52-10(b) and filed during his own lifetime and the child's lifetime in the office of the clerk of superior court of the county where either he or the child resides.
>
> . . . .
>
> Notwithstanding the above provisions, no person shall be entitled to take hereunder unless the person has given written notice of the basis of the person's claim to the personal representative of the putative father within six months after the date of the first publication or posting of the general notice to creditors.

In the case *sub judice*, Propounder-Appellant takes exception to the trial court's Findings of Fact and Conclusions of Law that Caveators-Appellees are after-born children born out of wedlock entitled to take from Decedent's estate. The trial court concluded Caveators-Appellees are entitled to take under N.C. Gen. Stat. § 29-

19(b)(1). Upon review, we agree with Propounder-Appellant that Section 29-19(b)(1) does not apply to Caveators-Appellees because they were not finally adjudicated as Decedent's heirs before they reached the age of majority as required by the corresponding statutory provision. *See* N.C. Gen. Stat. § 49-14(a) (2023) ("The paternity of a child born out of wedlock may be established by civil action at any time *prior* to such child's eighteenth birthday." (emphasis added)). However, we conclude Caveators-Appellees are entitled to take from Decedent's estate under N.C. Gen. Stat. § 29-19(b)(2). Thus, although the trial court's stated rationale—N.C. Gen. Stat. § 29-19(b)(1)—is inapplicable in this case, the trial court nonetheless reached the correct result: concluding Caveators-Appellees are pretermitted heirs entitled to shares of Decedent's estate. "[W]here a trial court has reached the correct result, the judgment will not be disturbed on appeal even where a different reason is assigned to the decision." *Orlando Residence, Ltd. v. All. Hosp. Mgmt., LLC*, 375 N.C. 140, 150, 846 S.E.2d 701, 708 (2020) (quoting *Eways v. Governor's Island*, 326 N.C. 552, 554, 391 S.E.2d 182, 183 (1990)).[1]

On 12 February 2020, the trial court entered an Amended Paternity Order "adjudging that the Decedent was the biological father of the [Caveators-Appellees]". That Order included the following Finding of Fact:

---

[1] Propounder-Appellant raises an additional argument under N.C. Gen. Stat. § 29-19(b)(1) that N.C. Gen. Stat. § 49-14 establishes paternity for child support, rather than legitimation. Given our disposition in this case, we do not reach the merits of Propounder-Appellant's additional argument under N.C. Gen. Stat. § 29-19(b)(1).

The court finds that *the sworn, written affidavit of parentage executed by the natural father of the children named herein*, and the sworn, written affidavit of parentage executed by the natural mother of the children named herein have been executed in accordance with NCGS 110-132(a). The court finds further that by affixing their sworn signatures to the affidavits and consent order filed on November 15, 2019, the natural mother and *natural father of the children named herein do consent to the entry of this amended order approving the affidavit of parentage* pursuant to NCGS 110-132 and understand that such consent will waive any right to revoke the affidavit of parentage.

(emphasis added). On 30 November 2020, Caveators-Appellees filed a Caveat to Decedent's Will. Propounder-Appellant then filed a Motion to Dismiss the Caveat on 15 June 2021. The Order denying Propounder-Appellant's Motion to Dismiss the Caveat, entered on 29 March 2022, made the following Findings of Fact:

8. The [Caveators-Appellees] are pretermitted heirs as defined by N.C.G.S. § 29-19(b)(1) or N.C.G.S. § 29-18 and N.C.G.S. § 28A-22-2.

9. As pretermitted heirs, the [Caveators-Appellees] have a right to share in the Decedent's estate to the same extent the after-born, after-adopted, or entitled after-born child born out of wedlock would have shared if the testator had died intestate.

The trial court concluded, as a matter of law, "[Caveators-Appellees] are pretermitted heirs, being after-born children born out of wedlock and are heirs to the Decedent pursuant to N.C.G.S. § 29-19(b)." This Court dismissed Propounder-Appellant's initial appeal of the Order denying the Motion to Dismiss the Caveat as interlocutory. Since entry of the Order to Amend, Propounder-Appellant has not again appealed the Order denying her Motion to Dismiss the Caveat. Prior to this

appeal, Propounder-Appellant did not contest Caveators-Appellees' status as

Decedent's after-born children.[2]

Based in part on these prior Orders, the trial court made the following Findings

of Fact in the Order to Amend:

> 8. On November 15, 2019, a Consent Order of Paternity was properly executed by the Decedent and filed on November 15, 2019 in the Civil District Court, Cumberland County, North Carolina (19 CVD 6943).
>
> 9. On February 12, 2020, a certain Amended Paternity Order was entered by the Honorable Toni S. King, District Court Judge presiding, in the Civil District Court, Cumberland County, North Carolina (19 CVD 6943) adjudging that the Decedent was the biological father of the [Caveators-Appellees] pursuant to N.C.G.S. § 49-14.
>
> 10. On March 29, 2022, the Honorable Tiffany Powers, presiding Superior Court Judge over the July 21, 2021 Cumberland County Civil Superior Session, signed an order in this case adjudicating and decreeing that the [Caveators-Appellees] were pretermitted heirs with standing to file a caveat without prejudice to their statutory share.
>
> . . . .
>
> 12. This Court further confirms all previous orders rendered by Judge Powers and Judge King finding that [Caveators-Appellees], Deborah Ann Monk, Connie Francis Monk and Christina Arnette Monk, are lineal descendants and pretermitted heirs.
>
> 13. As heirs of the Decedent, the [Caveators-Appellees] are entitled to share in the Decedent'[s] Estate and are further

---

[2] In fact, Propounder-Appellant's counsel stated to the trial court that she was not "arguing the documents that were provided to the District Court in order to legitimate these children . . . [because] there's no question that these children are going to get a share under the law depending on how the estate plays out[.]"

entitled to an order providing for the amendment of the application for probate allowing for their inclusion as pretermitted heirs of the Decedent.

Applying the whole record test, we consider whether Caveators-Appellees satisfied the criteria under N.C. Gen. Stat. § 29-19(b)(2): (1) acknowledgment of paternity during Decedent's and the children's lifetime (2) in a written instrument executed or acknowledged before a qualifying certifying officer that was (3) filed during his and the children's lifetimes with a superior court clerk in a county where he or the children reside.

Decedent acknowledged himself as Caveators-Appellees' father in the Affidavit of Parentage and subsequent Consent Order. Both the Affidavit of Parentage and Consent Order were executed before a judge, pursuant to N.C. Gen. Stat. § 52-10(b), and filed by Decedent with the clerk of court in Cumberland County. Further, the Amended Paternity Order adjudicating Decedent as Caveators-Appellees' biological father, pursuant to N.C. Gen. Stat. § 52-10(b), was entered with Decedent's consent.

"[N.C. Gen. Stat. § 29-19(b)(2)] does not place any limitations on the type of written instrument" required to acknowledge paternity. *Mangum*, 212 N.C. App. at 213, 713 S.E.2d at 20. In *Mangum*, this Court affirmed an order concluding a voluntary parenting agreement was sufficient evidence of paternal acknowledgment and allowing a biological father to take from his natural child's estate under N.C. Gen. Stat. § 29-19(b)(2). *Id.* at 214-15, 713 S.E.2d at 20-21. Indeed, we have recognized a voluntary support order, filed alongside an affidavit of parentage,

constituted paternal acknowledgment to allow a child to inherit from their biological father's estate. *In re Estate of Potts*, 186 N.C. App. 460, 651 S.E.2d 297 (2007). Further, this Court has clarified that an affidavit of parentage filed with the clerk of court meets the statutory requirements for a written acknowledgment of paternity. *See Williams*, 246 N.C. App. at 81, 783 S.E.2d at 257 ("N.C. Gen. Stat. § 29-19(b)(2) allows legitimation to occur if the unwed father acknowledges the child while both the father and child are living through the signing, notarization, and filing of an Affidavit of Parentage with the office of the clerk of the superior [court] where either the father or child resides.").

Here, Decedent acknowledged his paternity of Caveators-Appellees in the Affidavit of Paternity, Consent Order, and Amended Paternity Order which were all filed in Cumberland County—Decedent's place of residence—during Decedent's lifetime. Upon their filing with the clerk of court, these written instruments satisfied the requirements under N.C. Gen. Stat. § 29-19(b)(2): (1) acknowledgment of paternity during Decedent's and the children's lifetime (2) in a written instrument executed or acknowledged before a qualifying certifying officer that was (3) filed during his and the children's lifetimes with a superior court clerk in a county where he or the children reside. *See also Williams*, 246 N.C. App. at 81, 783 S.E.2d at 257. The Affidavit of Paternity, Consent Order, and Amended Paternity Order are sufficient evidence to support the trial court's Conclusion Caveators-Appellees are

pretermitted heirs entitled to share in Decedent's estate. *See* N.C. Gen. Stat. § 29-19(b)(2) (2023); *see also Williams*, 246 N.C. App. at 81, 783 S.E.2d at 257.

Propounder-Appellant also contends "[Caveators-Appellees] did not file any formal claim in the estate for after-born status until April 1, 2022, when [the Motion to Amend] was filed", in violation of N.C. Gen. Stat. § 29-19(b). Propounder-Appellant argues Caveators-Appellees missed the notice requirement by over six months, as the Notice to Creditors was posted on 11 May 2021. However, in the Order to Amend, the trial court made the following Finding of Fact:

> 11. The Caveat was filed on November 30, 2020 and thereby satisfied the notice requirements regarding posting pursuant to N.C.G.S. § 29-19.

As the trial court recognized, Caveators-Appellees filed the Caveat to Decedent's Will *before* the Notice to Creditors was posted. The Caveat alleges Caveators-Appellees' claim as Decedent's heirs. Caveators-Appellees provided further notice of their claim by sending a copy of the Amended Paternity Order and copies of Caveators-Appellees' birth certificates to Propounder-Appellant's counsel on 9 February 2021. Propounder-Appellant affirmed receipt of the copies in her Motion to Dismiss the Caveat. Indeed, Caveators-Appellees written notice of their claim via the Caveat and the written letter to Propounder-Appellant's counsel provides sufficient evidence to support the trial court's Conclusion the timely notice requirements under N.C. Gen. Stat. § 29-19(b) were met.

Thus, Caveators-Appellees are pretermitted heirs under N.C. Gen. Stat. § 29-19(b)(2).  Therefore, Caveators-Appellees are entitled to share in Decedent's estate despite being omitted from the Will.  Consequently, the trial court did not err in granting the Motion to Amend.

## **Conclusion**

Accordingly, for the foregoing reasons, we affirm the trial court's Order Granting Motion to Cause Amendment to Persons Entitled to Share in Decedent's Estate.

AFFIRMED.

Chief Judge DILLON and Judge FREEMAN concur.